# N. Y. COMMON PLEAS.

AGNES MAYER, individually and as executrix of the last will and testament of John M. Mayer, deceased, agt. JAMES McCUNE.

*Specific performance — Will — Power of executrix to sell or exchange real estate — How far testator's indebtedness an incumbrance and lien as affecting title to property sold by executrix.*

Where, in an action for the specific performance of a contract between the plaintiff and defendant for the sale and exchange of certain real estate, it appeared that the plaintiff was the owner in fee of the premises 437 West Thirty-ninth street, and assumed to convey the premises 412 West Fortieth street as executrix under the will of John M. Mayer; in said will the testator first directs the payment of his debts and then devises the premises last named to his wife, the plaintiff, for life or during widowhood, upon her death or remarriage the said premises were devised in fee to his surviving children or their issue. Full power was given to the plaintiff as such executrix at any time and on such terms as she might think satisfactory to sell, mortgage or lease the whole or any part of the testator's real estate, and to invest the proceeds of such sale in good and safe securities or purchase other real estate, to sell the said securities and real estate so secured or purchased, and to continue the said transfer or disposition of the real estate of said testator or the proceeds thereof as long, and to repeat the said operations as often as said executrix might think best and proper; provided, however, that the proceeds of such sale or other disposition of said real estate shall be considered real estate. It further appeared that a judgment had been recorded against the plaintiff, as executrix, as aforesaid, in an action commenced against the said John M. Mayer, deceased, in his lifetime, in whose place and stead the said executrix was substituted as defendant *pendente lite*. It was conceded that this judgment is still unpaid, and that the personal property of the deceased, in the hands of said executrix, does not exceed the sum of $150:

Mayer agt. McCune.

*Held,* that the objection that the plaintiff had no power to exchange the Fortieth street property is untenable. It would seem a fair and rational construction of a power as broad in its terms as the one contained in the will, to hold that it would authorize a direct exchange which would accomplish the result of a sale, and a purchase of other realty in a single transaction and carry into effect the obvious intention of the testator.

*Held,* also, that the objection that plaintiff cannot give a warranty deed or sell the property in fee simple is equally untenable. She could certainly give a valid title under the power in the will and, if she saw fit, could give her personal warranty of the title.

A purchaser has no right to expect from an executrix anything more than a covenant against her own acts, but if she contracts to give a covenant of warranty, and actually executes it, the covenant will be valid and she will be bound thereby.

*Held,* further, that, the objection that her testator's indebtedness for the judgment, was an incumbrance and lien on the property for which it could be sold by creditors at any time within three years from November 7, 1877, to pay his debts is fatal to the action for specific performance.

The power of sale in the will is not expressly for the purpose of paying debts and legacies. It does not even sanction the conversion of the real estate into personalty. It authorizes the executrix to reinvest the proceeds of the real estate at her pleasure and in her discretion; provided, however, that said proceeds, whatever the form they may assume, shall always remain realty, thus specially withholding the character of a personal fund accessible to creditors. Such proceeds could be followed only in equity, and, under the circumstances, it would seem that no bar or hindrance would exist to a creditor's application for a resale of the premises.

Equity will not aid an effort to impair or destroy the legal remedies of creditors or sanction an attempt on the part of an executrix to vest individually in herself and mingle with her own property, real estate which, until her testator's debts are paid, is chargeable with a trust.

*Equity Term, May,* 1880.

THIS action was brought for the specific performance of a contract between the parties above named, dated February 11, 1880, for the sale and exchange of certain real estate in the city of New York. The defendant agreed to sell and convey to the plaintiff the house and lot known as 413 West Fiftieth street in said city, for the sum of $16,000, subject to a mortgage of $6,000. The plaintiff individually agreed to pay for

said premises by giving warranty deed of premises known as No. 437 West Thirty-ninth street, in said contract valued at $12,000, subject to a mortgage of $7,000, and also premises known as 412 West Fortieth street, valued at $10,000, subject to a mortgage of $5,000.

The contract was made and signed by the plaintiff in her individual name, and the deeds of the premises above referred to were to be delivered on or before March 1, 1880, the time for the completion of said contract, which was extended by mutual consent in writing until March 13, 1880. On the day last named plaintiff tendered to defendant a warranty deed of the premises 437 West Thirty-ninth street and also a deed executed by her as executrix as aforesaid of premises No. 412 West Fortieth street, which deeds defendant refused to accept for reasons hereinafter stated. Immediately thereafter the plaintiff executed individually and as executrix as aforesaid a warranty deed of premises number 412 West Fortieth street, containing full personal covenants on her part and tendered the same to defendant which he also refused to accept.

It appears from admissions made upon the trial and the testimony, that the plaintiff was the owner in fee of the premises 437 West Thirty-ninth street, and assumed to convey the premises 412 West Fortieth street as executrix under the will of John M. Mayer. In said will, dated August 6, 1872, and admitted to probate by the surrogate of the county of New York, November 7, 1877, the testator first directs the payment of his debts and then devises the premises last named to his wife, the plaintiff, for life or during widowhood. Upon her death or remarriage the said premises were devised in fee to his surviving children or their issue. Full power was given to the plaintiff as such executrix at any time and on such terms as she might think satisfactory, to sell, mortgage or lease the whole or any part of the testator's real estate and to invest the proceeds of such sale in good and safe securities or purchase other real estate, to sell the said securities and real estate so secured or purchased and to continue the said transfer or dis-

position of the real estate of said testator or the proceeds thereof as long, and to repeat the said operations as often, a said executrix might think best and proper; provided, however, that the proceeds of such sale or other disposition of said real estate shall be considered real estate.

It further appears that on May 6, 1878, a judgment was recorded against the plaintiff as executrix as aforesaid, for the sum of $5,540.59 in an action commenced against the said John M. Mayer, deceased, in his lifetime, in whose place and stead the said executrix was substituted as defendant *pendente lite*.

It was conceded on the trial that this judgment is still unpaid, and that the personal property of the deceased in the hands of said executrix does not exceed the sum of $150.

LARREMORE, *J.* — Defendant objects to the title on the following grounds:

I. That the plaintiff had no power to exchange the Fortieth street property.

II. That she could not give a warranty deed, or sell the property in fee simple as she contracted to do.

III. That her testator's indebtedness for the $5,540.59 was an incumbrance and lien on the property for which it could be sold by creditors at any time within three years from November 7, 1877, to pay his debts.

First. As to the power to exchange. This objection is fully answered by the terms of the will. The testator gives plaintiff a life estate in the premises No. 412 West Fortieth street, or the proceeds thereof. He, in express terms, impresses the character of realty upon said proceeds during the natural life or widowhood of plaintiff, through all the transitions and changes of form which they may undergo. The power is expressly conferred to sell and with the proceeds purchase other real estate, and to continue the transfer and disposition thereof in the discretion of the executrix. It would seem a fair and rational construction of a power as broad in its terms as the one above stated, to hold that it

would authorize a direct exchange which would accomplish the result of a sale and a purchase of other realty in a single transaction, and carry into effect the obvious intention of the testator. If, therefore, this was a simple question of exchange not complicated by other considerations, I should hold the objection untenable.

Second. Equally ineffectual is defendant's objection that plaintiff cannot give a warranty deed or sell the property in fee simple. She could certainly give a valid title under the power in the will, and, if she saw fit, could give her personal warranty of the title. A purchaser has no right to expect from an executrix any thing more than a covenant against her own acts; but, if she contracts to give a covenant of warranty and actually executes it, the covenant will be valid and she will be bound thereby.

Rawle on Covenants for Title (*pages* 571 *and* 572, *and cases there cited*). In this case the plaintiff tendered the usual deed of an executrix on March 13, 1880. This defendant refused to accept and plaintiff thereafter executed a deed individually and as executrix, containing a personal covenant of warranty and tendered the same to defendant. This latter instrument fulfilled the requirements of the contract on this point. The interval of a day or two between the tender of the two deeds last mentioned and the consequent delay in the execution of the contract were immaterial. Time not being of the essence of the contract, and not having been made so by the acts of the parties, the subsequent tender of the warranty deed was sufficient compliance with the terms of the contract as to the time of its performance (*Myers* agt. *De Mier*, 4 *Daly*, 343; *affirmed*, 52 *N. Y.*, 647).

Third. The consideration of the third objection leads to the discussion of matters of graver significance. The judgment for $5,540.59 having been recovered and docketed, not against the deceased during his life, but against his executrix, is not a specific lien against the testator's real estate (*Sharpe* agt. *Freeman*, 45 *N. Y.*, 806).

Nevertheless, I am not prepared to hold that if specific performances were compelled in this action, the defendant would take the premises in West Fortieth street discharged from all claim and demand on account of said debt. The statute of this state provides that at any time after the accounting of an executor or administrator and within three years after the granting of letters testamentary or of administration, if it shall appear that there are not assets sufficient to pay the debts of the deceased, any creditor may apply to the surrogate to compel the executor or administrator to mortgage, lease or sell the real estate of the deceased to pay said debts (3 *Rev. Stat.,* *page* 117, *sec.* 60, *6th edition*).

It is also provided (3 *Rev. Stat., page* 120, *sec.* 75, *6th edition*), that where by any last will a sale of real estate shall be ordered to be made either for the payment of debts or legacies, the surrogate in whose office such will was proved shall have power to cite the executors to account for the proceeds of the sale and make distribution thereof, and have all powers in respect to said proceeds as if the same had been originally personal property.

The provision last cited affords a convenient and inexpensive substitute for the proceeding first referred to. The statute does not, in express terms, make a sale by executors under such a power an absolute bar to a creditor's proceedings; but if the power had been exercised and proceeds realized which could be brought under the surrogate's control, it would be just and reasonable to conclude that the statutes above set forth should be construed in connection, and as supplementary the one of the other, and refuse the application of a creditor for a resale. But the case at bar is widely different from the one contemplated by the statute. The power of sale in the will is not expressly for the purpose of paying debts and legacies. It does not even sanction the conversion of the real estate into personalty. It authorizes the executrix to reinvest the proceeds of the real estate at her pleasure and in her discretion; provided, however, that said proceeds, whatever the form

they may assume, shall always remain realty, thus specially withholding from them the character of a personal fund accessible to creditors.

Said proceeds in the new form contemplated by the contract, sought to be enforced herein, could be followed only in equity, and under the circumstances I cannot see that any bar or hindrance would exist to a creditor's application for a resale of the premises.

Furthermore, this is a proceeding on the part of plaintiff which equity cannot lend itself to further or enforce.   Granting that plaintiff is empowered by the will to exchange the realty for other realty, it is at least questionable whether she is authorized to mingle property in which she has but a life interest with property owned by her in fee, and whether this in itself would not unwarrantably imperil the rights of remainder-men.   But beyond this, in her trust capacity as executrix, the law and good conscience alike require her to apply first the personal estate, and, after that is exhausted, the real estate of the deceased to the payment of his debts.   It is conceded that the personal estate of the testator in her hands does not exceed $150, and that a judgment has been recovered against her, as executrix, as aforesaid for $5,540.59, which is unsatisfied.   If the property should be exchanged as provided for in the contract, the newly-acquired realty would not be the "real estate of the deceased," and, therefore, could not be reached by the statutory surrogate's proceedings.  Equity will not aid an effort to impair or destroy the legal remedies of creditors, or sanction an attempt on the part of an executrix to vest individually in herself and mingle with her own property, real estate, which, until her testator's debts are paid, is chargeable with a trust.

Defendant is entitled to a decree for dismissal of the complaint, and for judgment against plaintiff individually for his reasonable costs and disbursements in the transaction, to be determined by a reference unless agreed upon, but without costs of this action.